HONORABLE E. C. WINFREY, COUNTY JUDGE v. HONORABLE WARD CHANDLER, DISTRICT JUDGE.

No. A-7043. November 26, 1958.
(318 S.W. 2d Series 59)

---

26.—See cases cited supra, notes 12 and 13.

*J. E. Jackson,* and *Davis Bailey,* County Attorney, both of Carthage, for relator.

*Fred Whitaker* and *Ruff Wall,* both of Carthage, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is an original proceeding in which Honorable E. C. Winfrey, County Judge of Panola County, relator, seeks a writ of mandamus directing Honorable Ward Chandler, Judge of the 123rd District Court of Panola County, respondent, to vacate an order prohibiting relator from trying a criminal case pending in the County Court. We have concluded that the order in question is void for want of jurisdiction and that relator is entitled to a writ of mandamus as prayed.

An information was filed in the County Court of Panola County charging Sam Wallace McFadden, hereinafter referred to as the defendant, with the offense of driving while intoxicated on September 7, 1957. The case is styled The State of Texas v. Sam Wallace McFadden and was entered on the docket as Cause No. 7392. When relator called the case for trial on October 20, 1958, the defendant filed two verified pleas in bar. One asserted that the offense with which he was charged had theretofore been submitted to the grand jury, that no indictment charging him with either a felony or a misdemeanor had been presented, and that under the circumstances he could be prosecuted only upon indictment by a grand jury. It was alleged in the other that the defendant had previously been convicted in the County Court of Van Zandt County of the misdemeanor offense of driving while intoxicated as shown by a copy of the judgment of conviction attached to the plea, and that under the provisions of Art. 802b of the Texas Penal Code the offense with which he was charged in the pending case is a felony and within the exclusive jurisdiction of the district court.

These pleas in bar were overruled, and the case proceeded to trial. The introduction of evidence and arguments of counsel were concluded and the jury began their deliberations on the afternoon of October 20th. In the meantime the defendant had applied to the District Court for a writ of prohibition. After a hearing on October 21st and before the jury had returned a verdict in the misdemeanor case, the order now under attack was

entered by respondent. By its terms relator is perpetually prohibited from making any order or in anywise acting upon or trying said Cause No. 7392.

Relator thereupon persented to this Court a motion for leave to file a petition for writs of mandamus and injunction. We granted leave to file and issued an injunction restraining respondent from enforcing the order of October 21st in such manner as to prevent relator from receiving the verdict of the jury. A verdict of acquittal was returned shortly thereafter. The present proceeding is not moot, however, because a judgment discharging the defendant has not been entered.

■ A district court is not authorized to exercise general supervision and control over the county court in criminal proceedings, and its power to interfere with the orderly dispatch of such business by the latter tribunal is limited to that conferred by the Constitution and statutes of our State. Art. 5, Sec. 8, of the Constitution provides that the district courts "shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction." The applicable statute, in so far as it is relevant here, follows the language of the Constitution. Art. 1914, Vernon's Texas Civ. Stat. Under these constitutional and statutory provisions, a district court has no power to stay the trial of a criminal case pending in another court except where necessary and appropriate to protect or enforce its own jurisdiction. See Seele v. State, Texas Civ. App., 20 S.W. 946 (no writ). No question as to the jurisdiction of the district court seems to have been raised in Lyle v. Collier, Texas Civ. App., 62 S.W. 2d 1112 (no writ), and we do not regard that decision as contrary to the holding of the Seele case.

By the terms of Art. 802b of the Penal Code, a subsequent offense of driving while intoxicated undoubtedly may constitute a felony. The defendant testified at the hearing in District Court that he had previously been convicted of the misdemeanor offense in Van Zandt County. Respondent argues that the offense with which the defendant was charged in Panola County is a felony and within the exclusive jurisdiction of the district court. As we view the case, it is unnecessary for us to decide whether a person who drives while intoxicated after having been previously convicted of such an offense can properly be charged with a misdemeanor. Our decision does not turn upon the propriety of relator's rulings on the pleas in bar, and we shall assume that respondent is correct in his contention that the County Court had

no jurisdiction. If the defendant had been prejudiced by any action taken in the trial there, he had an adequate remedy by appeal. The only question here is whether the order of October 21st was necessary to protect the jurisdiction of the District Court.

The record shows that the Grand Jury of Panola County investigated the offense with which the defendant was charged and returned no indictment. Respondent contends that the District Court's jurisdiction of the offense attached for all purposes when the matter was investigated by the grand jury. He then argues that the writ of prohibition was necessary to protect and enforce its general jurisdiction over felonies as well as its previously invoked jurisdiction over the particular offense for which the defendant was being tried. We do not agree.

A court which is authorized to issue extraordinary writs to enforce its jurisdiction may not exercise that power in aid of its potential jurisdiction. It is only after that jurisdiction has been invoked in the manner prescribed by law and has thus become active that the court may act to enforce or protect the same. See Art. 1823, Vernon's Ann. Texas Civ. Stat., Texas Employers Ins. Ass'n. v. Kirby, 137 Texas 106, 152 S.W. 2d 1073; Texas Employers Ins. Ass'n. v. Kirby, Texas Civ. App., 150 S.W. 2d 123. The present record discloses that any jurisdiction which the District Court may have had over an offense growing out of the incident on which the misdemeanor complaint it based was never invoked. The defendant was not bound over for trial in that court, and no case was filed there charging him with a felony or any other offense. A grand jury investigation resulting in a no-bill constitutes no basis for an exercise of judicial power. Since its potential jurisdiction had never attached and become active, the stay of the proceedings pending in the County Court was without authority in law and is void.

There is no merit in respondent's contention that the writ of mandamus should not issue because relator has an adequate remedy by appeal. Assuming that there is a right of appeal, a question which we do not decide here, it is clear that in this instance the appellate process could not have been completed in time to permit the trial of the misdemeanor case to be concluded before the end of the term during which it began.

The writ of mandamus is granted. No motion for rehearing will be entertained. Rule 515, Texas Rules of Civil Procedure.

Opinion delivered November 26, 1958.