Honorable John BRADY, Judge of the
Municipal Court No. I, Appellant,

v.

Carolyn FRY, Appellee.

No. 7649.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 27, 1974.

Rehearing Denied Dec. 19, 1974.

Don Butler, City Atty., William W. Rittenhouse, Austin, for appellant.

Stayton, Maloney, Hearne, Babb & Cowden, Austin, for appellee.

KEITH, Justice.

The appeal is from a final judgment which ordered the issuance of a "preemptory [sic] writ of mandamus" involving a criminal case then and now pending in the Municipal Court of the City of Austin.

A complaint was filed in such court charging appellee with the offense of prostitution. Appellee filed several pre-trial motions in such court—of which appellant is judge—but the only motion involved in

this case is that relating to entrapment. Appellee alleged that if any illegal act in fact had been committed, it occurred as a result of entrapment by the State's principal witness, a deputy constable. Appellant set the motions for hearing; the State's witness appeared in response to subpoena; but appellant refused to permit the witness to answer questions from appellee's counsel designed to elicit testimony on the issue of entrapment. Appellee did not offer to testify and no other evidence was offered on the entrapment motion.

Appellee immediately filed her petition in the District Court of Travis County, where she set out in detail the prior proceedings in the Municipal Court, sought a writ of mandamus to compel the appellant judge to set aside the order denying the motion on entrapment, and sought an order compelling him to "hold a meaningful hearing on the motion by admitting evidence" from the State's principal witness. A temporary restraining order was issued preventing the trial of the case pending the hearing on the application for the writ of mandamus.

Appellant answered, challenging the jurisdiction of the trial court to hear and determine the question presented, and answered generally to the effect that he was exercising a judicial function in denying the motion and, in the exercise of his sound discretion, he denied the motion when appellee did not tender any evidence other than that from the State's principal witness which he declined to hear.

Upon the trial of the merits, the record made in the Municipal Court was introduced by appellee but no other testimony was offered. Among the findings of fact and law, to which no objections are urged upon appeal, the trial court found:

"5. That the defendant John Brady ruled against plaintiff's motion on entrapment without hearing testimony;

"6. That the defendant ruled he could never hear the issue of entrapment prior to trial in any case where a jury was requested for a trial on the merits;

"7. That said rulings were erroneous."

The writ of mandamus commanded appellant to vacate his order denying appellee's motion on the issue of entrapment and "to allow plaintiff to present evidence [presumably from the State's witness] in support of said issue of entrapment" prior to trial on the merits.

We sustain appellant's first point of error reading: "The final judgment of the district court is void for want of jurisdiction." Consequently, we do not reach the question, tendered by both parties, of the validity of appellant's order denying appellee the right to interrogate the State's principal witness in the pre-trial hearing.

The Municipal Court of the City of Austin, created pursuant to Tex.Const. art. V, § 1, Vernon's Ann.St., has been granted jurisdiction "in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars." Vernon's Tex.Rev.Civ.Stat.Ann. art. 1195 (1963).[1] The offense charged against appellee was a Class C Misdemeanor, Vernon's Tex.Penal Code Ann. § 43.02(c) (1974), the punishment for which was by a fine not to exceed $200. Tex.Penal Code Ann. § 12.23 (1974). Thus, the court over which appellant presided had jurisdiction to try the case against appellee. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 644 (1933); National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943).

■ It is equally clear, as stated in Pope v. United States, 323 U.S. 1, 14, 65 S.Ct. 16, 23, 89 L.Ed. 3, 13 (1944): "Jurisdiction to decide is jurisdiction to make a wrong as well as a right decision." As-

---

1. In 1969, the name "Corporation Court" was changed to "Municipal Court." Tex.Rev.Civ. Stat.Ann. art. 1194A.

suming, arguendo, that appellant erred in his pre-trial ruling, the decision was within the jurisdiction confided by law to such court and did not authorize judicial intervention by another tribunal.

Upon more than one occasion, our Supreme Court has admonished the courts to "interpret and construe the various sections of the Constitution defining the jurisdiction of our several courts in such manner as to harmonize them, to the end that each court, whether trial or appellate, shall be permitted to exercise the power conferred upon it without conflict with the authority confided to another tribunal." Morrow v. Corbin, supra (62 S.W.2d at 645), quoted in City of Tyler v. St. Louis Southwestern Ry. Co. of Tex., 405 S.W.2d 330, 332–333 (Tex.1966).

Appellee seeks to support the judgment below upon the language found in Tex. Rev.Civ.Stat.Ann. art. 1909 (1964), reading:

> "Such [district] court shall have general original jurisdiction over all causes of action, for which a remedy or jurisdiction is not provided by law or the constitution, and such other jurisdiction, original and appellate as may be provided by law." [2]

Appellee contends that only the district court, to the exclusion of all other courts in our judicial hierarchy, has jurisdiction to grant the writ of mandamus in a case such as the one now under consideration. We disagree to this extent: no court, *including the district court,* has jurisdiction to issue the writ of mandamus to control or correct incidental rulings of a trial judge in the municipal court, in a case such as this, when there is an adequate remedy by appeal.

The jurisdiction of the Supreme Court is limited to the issuance of writs of manda-

mus against "any district judge, or Court of Civil Appeals or judges thereof," and makes no mention of other courts or judges thereof. Tex.Rev.Civ.Stat.Ann. art 1733 (1962). The original jurisdiction of the Court of Criminal Appeals is even more limited: "It can issue mandamus only to enforce its own jurisdiction." Bradley v. Miller, 458 S.W.2d 673, 674 (Tex.Cr.App.1970). And has no "general power to issue writs of mandamus." Ex parte Giles, 502 S.W.2d 774, 778 (Tex.Cr. App.1974).

The courts of civil appeals can issue such writs only to "enforce the jurisdiction of said courts" or to compel a judge of a district or county court to proceed to trial and judgment in a cause. Tex.Rev.Civ. Stat.Ann. arts. 1823, 1824 (1964); Shamrock Fuel & Oil Sales Co. v. Tunks, 416 S.W.2d 779, 781 (Tex.1967). Such courts have no original jurisdiction to compel the judge of a municipal court to take any action or refrain therefrom. Tex.Rev.Civ. Stat.Ann. art. 1823 (1964).

Under Tex.Const. art. V, § 16, the county court has no jurisdiction to issue the writ of mandamus except where "necessary to the enforcement of the jurisdiction of said Court." While the county court had *potential* appellate jurisdiction in the event appellee were convicted in the municipal court, its actual jurisdiction had not been invoked. Such potential jurisdiction would not authorize the issuance of the writ in this case. Winfrey v. Chandler, 159 Tex. 220, 318 S.W.2d 59, 61 (1958); City of Beaumont v. West, 484 S. W.2d 789, 793 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

Appellee's reliance upon Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (1956), and Maresca v. Marks, 362 S.W.2d 299 (Tex.1962), is misplaced. In each instance, the Court pointedly noted that the

---

2. In her brief, appellee says: "It is not pretended that the authority of the district court to issue the writ of mandamus in this

action is derived from the power of a court to issue writs to protect its jurisdiction."

injustice resulting from the interlocutory order could not be remedied on appeal. Similar considerations entered into other decisions by our Supreme Court, namely, Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959), and Wallace v. Briggs, 162 Tex. 485, 348 S.W.2d 523, 527 (1961).

No such compelling reason exists in this cause. Had appellee proceeded to trial and been convicted, her right of appeal was guaranteed by Tex.Const. art. V, § 16, providing for a trial de novo in the county court. See also, Tex.Code Crim.Proc.Ann. art. 44.17 (1966), providing that such trial shall be "the same as if the prosecution had been originally commenced in that court."

Many years ago, the late Judge Lattimore in Ex parte Jones, 128 Tex.Cr.R. 380, 81 S.W.2d 706, 707 (1935), felt called upon to apologize for restating the rule governing such appeals, but continued, saying:

"A trial de novo literally is a trial from the beginning as if no former trial had been had. Each step taken necessary to the joining of the issue in the superior court—just as in the lower—must be gone through with in the superior court as if there had been no trial at all in the lower court."

Even if we concede that appellant's ruling denying the discovery sought by appellee was erroneous—which we do not determine—appellee's rights were not seriously impaired. Presumably, the State would offer its "principal witness" and he would be thoroughly cross-examined by appellee's able counsel. Presumptively, from the very nature of the case, there would not be many witnesses available to bolster the deputy constable's version of the sequence of events. Likewise, appellee could have refuted such testimony by her own, or could have remained silent; the option was hers.

Upon appeal, in the de novo trial, she had the same right to seek a hearing on the entrapment theory; and, had such a hearing been denied, she had a right to assign such denial as a ground of error to the Court of Criminal Appeals in the event her fine was in excess of $100. Tex.Code Crim.Proc.Ann. art. 4.03 (1966); Bass v. State, 399 S.W.2d 558 (Tex.Cr.App. 1966). But, under appellee's theory of the case, had the judge of the county court denied her motion, as did the appellant judge, she could again resort to the District Court of Travis County, stop the county court from proceeding, and again procure a writ of mandamus from that court. Presumably, under the thrust of appellee's argument, she would have a concomitant right to stop the proceedings and invoke the supervisory power of the district court if she conceived that any of her rights under the *other* eight subsections of Tex.Code Crim. Proc.Ann. art. 28.01, § 1 (Supp. 1974– 1975), were ruled upon adversely and erroneously to her contentions. As was said in Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 651–652 (1958): "This Court will not issue writs of mandamus to control or revise the exercise of discretion by trial courts in the performance of purely judicial as distinguished from ministerial acts."

We are of the opinion that Justice Walker's opinion in Winfrey v. Chandler, supra, and authorities therein cited, are dispositive of the jurisdictional question presented. The opinion contains this clear language:

"A district court is not authorized to exercise general supervision and control over the county court in criminal proceedings, and its power to interfere with the orderly dispatch of such business by the latter tribunal is limited to that conferred by the Constitution and statutes of our State. * * * *Under these constitutional and statutory provisions, a district court has no power to stay the trial of a criminal case pending in another court except where necessary and appropriate to protect or enforce its own jurisdiction.* See Seele v. State, 1 Tex. Civ.App. 495, 20 S.W. 946 (no writ)." (318 S.W.2d at 61, emphasis supplied)

**308**

Seele v. State, cited in *Winfrey,* presented an instance wherein the district court had ordered a writ of prohibition against a justice of the peace from further proceeding in a case pending in the justice court. There, the court noted that the district court did not have an "all writs" jurisdictional grant from the constitution and had no jurisdiction to issue the writ of prohibition.

Finally, from the clear language found in Pope v. Ferguson, 445 S.W.2d .950, 954 (Tex.1969), we conclude that the district court had no authority to issue the writ in this case. Although the Court was discussing the original jurisdiction of the Supreme Court, this language is equally applicable to the case at bar:

> "[A] writ [of mandamus] positively will not issue for the purpose of controlling or correcting rulings or judgments on motions or pleas which are mere incidents in the normal trial process and there is an adequate remedy by appeal for correction of any such rulings or judgments which may be erroneous." (445 S.W.2d at 954)

The District Court had no authority to interrupt the trial process in the Municipal Court. Since neither the constitution nor the statutes had granted the District Court jurisdiction over the subject matter of appellee's suit, the judgment entered granting the writ of mandamus is void. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, 328 (1895); Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 638, 66 A.L.R. 916 (1928); State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279, 282 (1958). See also Finlay v. Jones, 435 S.W.2d 136 (Tex.1968); Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex.1970).

We do not have a case such as was considered by the Supreme Court in Crane v. Tunks, supra (160 Tex. 182, 328 S.W.2d 434), and Maresca v. Marks, supra (Tex., 362 S.W.2d 299), where the injustice resulting from the interlocutory order could not be remedied upon appeal. As to such a case, which is not the one before us, we express no opinion as to the jurisdiction of the district court.

 Although the District Court had no jurisdiction to enter the order, this court has authority and jurisdiction over such proceedings to declare its invalidity and to set it aside. Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 827 (1961); Travelers Express Company v. Winters, 488 S.W.2d 890, 892 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.).

The judgment of the trial court is reversed and the cause is dismissed.