**Martin C. HASKETT, Justice of the Peace Precinct No. 6, San Patricio County, Texas, Appellant,**

v.

**Ray HARRIS, Individually, and as County Auditor of San Patricio County, Texas, Appellee.**

No. 1267.

Court of Civil Appeals of Texas, Corpus Christi.

May 24, 1978.

Martin C. Haskett, Aransas Pass, for appellant.

William G. Burnett, Sinton, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from an order of the District Court of San Patricio County temporarily enjoining Martin C. Haskett, Justice of the Peace of Precinct No. 6, San Patricio County, and appellant herein, from proceeding with a contempt hearing against Ray Harris, Individually and as County Auditor of San Patricio County.

On May 11, 1977, Judge Haskett, held an examining trial in case No. 967, styled *State of Texas v. Charles Alleman.* Under Tex. Code Crim.Proc.Ann. art. 26.04 (1966) Judge Haskett appointed Mr. James Whitten, an attorney, to represent the indigent Alleman. Appellee Harris was neither a party to this proceeding nor present in appellant's court during the proceeding.

After the examining trial appellant filled out the following form (on which subsequent action by Harris and the Commissioners' Court is shown) requesting that Mr. Whitten be paid one hundred dollars ($100.00) under Article 26.05:

APPROVED FOR PAYMENT
JUN 1 3 1977

RAY HARRIS
SAN PATRICIO COUNTY AUDITOR
BY
NO.

CERTIFICATE OF REPRESENTATION OF DEFENDANT AND REQUEST THAT COUNTY AUDITOR ISSUE PAYMENT WARRANT TO ATTORNEY

I certify that: Honorable _James M. Whitten, ESQ_ Attorney

Address _401 W. Fulton St  Sinton, Texas 78387_

Represented _Charles Alleman_ Defendant

In Cause No. _967_

He spent _one_ day (X) on

Date (X) _11 May 1977_

_Examining_ in trial and shall be paid $ _100.00_ from the County Funds of _San Patricio_ County, Texas.

I further certify that said attorney has not been authorized to receive any compensation for other appointive services, in this Court, on any date indicated above.

_Martin C. Haskett_
Judge Presiding.

There is no indication in the record that Whitten filed any sort of motion or pleading requesting that Judge Haskett order the County Auditor to pay Whitten $100.00.

On June 13, 1977, appellee Harris approved payment of the requested $100.00, but the Commissioners' Court of San Patricio County refused the $100.00 requested and approved only a $50.00 payment.

The evidence shows that Judge Haskett considered the request for payment to be an order of the court, and on June 17, 1977,

Judge Haskett issued a summons to Harris directing him to appear before appellant and according to the summons: "show cause why he should not be held in contempt of court for failure to obey a lawful order of this court." The contempt hearing was set for July 6, 1977.

In the meantime, on June 27, 1977, appellee Harris filed in the District Court of San Patricio County an application for a temporary injunction enjoining Judge Haskett from proceeding with the contempt hearing. The cause was tried to the court on July 5, 1977, and the court granted a temporary injunction directing that Judge Haskett refrain from proceeding with the contempt hearing. Judge Haskett appeals.

■ Appellant Haskett by his only point alleges that the trial court erred in enjoining a judicial proceeding of a Justice of the Peace when the appellee Harris had the adequate legal remedy of presenting his defenses to the contempt proceedings at the contempt hearing itself. Appellee responds that appellant Haskett was without jurisdiction to proceed with the contempt hearing because: 1) Tex.Code Crim.Proc.Ann. art. 26.05 (1966) does not give a Justice of the Peace the power to order a County Auditor to make payment to an appointed attorney and that, consequently, Judge Haskett could not have acquired jurisdiction over Harris in a contempt proceeding for failure to obey an order Judge Haskett had no power to enter; 2) the show cause order was fatally defective for indefiniteness; and 3) appellee, if adjudged in contempt, could not purge himself of the contempt because he was without authority to make such payment unless the Commissioner's Court also agreed, citing *Smith v. McCoy*, 533 S.W.2d 457 (Tex.Civ.App.—Dallas 1976, writ dism'd). Appellee contends that the Justice Court's lack of jurisdiction gives the District Court jurisdiction to enjoin the contempt proceeding citing *Lyle v. Collier*, 62 S.W.2d 1112 (Tex.Civ.App.—Amarillo 1933, no writ). We have no doubt that under the facts as presented, appellant

Haskett would be without jurisdiction to hold Harris in contempt of the purported order which is impossible for Harris to perform. *Ex Parte Dustman*, 538 S.W.2d 409 (Tex.Sup.1976); *Smith v. McCoy*, supra. Moreover, we think appellee's other jurisdictional objections raise a serious doubt whether Judge Haskett has power to hold Harris in contempt. Even so, this conclusion does not dispose of this case.

■ The jurisdiction of the District Court to issue the temporary injunction was not challenged in appellant's pleadings in the trial court nor was the issue raised on appeal. However, the question of want of jurisdiction of the subject matter may be raised on a reviewing court's own motion. *Southwestern Bell Tel. Co. v. City of Kountze*, 543 S.W.2d 871 (Tex.Civ.App.—Beaumont 1976, no writ). Lack of jurisdiction in the District Court is fundamental error and is subject to review for the first time on appeal. *Texas Employment Commission v. International Union of Elec. Radio and Machine Workers*, 163 Tex. 135, 352 S.W.2d 252 (1962). Therefore we deem it necessary to review the District Court's jurisdiction to enjoin Judge Haskett.

The jurisdiction of District Courts to issue certain writs is spelled out in Tex.Const. art. V, § 8 which provides in pertinent part:

"   .   .   and said Court and the judges thereof shall have power to issue writs of habeas corpus, mandamus, injunction, and certiorari and all writs necessary to enforce their jurisdiction."

Tex.Rev.Civ.Stat.Ann. art. 1914 (1964) further provides:

"Judges of the district courts may either in term time or in vacation, grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas, and all other writs necessary for the enforcement of the jurisdiction of the court."

See *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59, 61 (1958). At first blush it

might appear that the District Court in our case possessed jurisdiction to enter its "Temporary Injunction". We find no such jurisdiction though.

■ In substance, the writ which the trial court entered in the instant case was a writ of prohibition. "The vital distinction [between prohibition and injunction] is that injunction operates only upon *individuals* when used to require a desistance from prosecuting a suit or proceeding, while prohibition runs against *the court* to require cessation from the exercise of jurisdiction." (Emphasis supplied.) *Ferguson v. Ferguson*, 98 S.W.2d 847, 849 (Tex.Civ.App.— Eastland 1936, no writ); *Seele v. State*, 1 Tex.Civ.App. 495, 20 S.W. 946 (1892, no writ). See *City of Dallas v. Dixon*, 365 S.W.2d 919, 922 (Tex.Sup.1963); *County of Anderson v. Kennedy*, 58 Tex. 616, 622 (1883); 6 Lowe, Texas Practice, Remedies § 452 n.9–12 (1973). Because prohibition is not one of the enumerated writs mentioned in either Article 5 § 8 of the Texas Constitution or Article 1914 of the Revised Civil Statutes, the issue then becomes whether the writ of prohibition was necessary to enforce the jurisdiction of the District Court. See *Hebert v. Probate Court No. One of Harris County*, 466 S.W.2d 849 (Tex. Civ.App.—Houston [14th Dist.] 1971, no writ).

We find that the jurisdiction of the District Court had not been invoked prior to the suit for the injunction. For example, no suit had been filed in the District Court relevant to any of the issues herein. In addition, while a District Court has general supervisory control over the County Commissioner's Court under Article V, § 8 of the Texas Constitution and Article 1908 of the Revised Civil Statutes, this potential jurisdiction had not been invoked in the present case. "A court which is authorized to issue extraordinary writs to enforce its jurisdiction may not exercise that power in aid of its potential jurisdiction. It is only after that jurisdiction has been invoked in the manner prescribed by law and has thus become active that the court may act to enforce or protect the same." *Winfrey v. Chandler*, supra at 61.

■ Thus, we find no jurisdiction was conferred either by constitution or by statute giving the District Court the power to issue a writ of prohibition in the instant case. Our conclusion is supported by *Seele v. State*, supra. In *Seele*, a District Court prohibited further proceedings in a Justice of the Peace action because the Justice Court was without jurisdiction to grant the relief requested. In overturning the writ of prohibition, the Court of Civil Appeals construed constitutional and statutory provisions which were closely similar to those mentioned above, and stated that District Courts have no general supervisory control over Justice of the Peace Courts as was given by the Constitutions of 1845 and 1869. The omission of these former provisions from the Constitution is equivalent to a legislative declaration that such jurisdiction shall not exist.

Appellee Harris contends, however, that *Lyle v. Collier*, supra, holds that a District Court may enjoin a Justice Court from proceeding in a case in which the Justice Court lacks jurisdiction. This apparent conflict with the holding in *Seele*, supra, was addressed by the Supreme Court in *Winfrey v. Chandler*, supra, wherein the Court there stated:

"No question as to the jurisdiction of the district court seems to have been raised in *Lyle v. Collier*, . . . and we do not regard that decision as contrary to the holding of the *Seele* case."

See also 12 Texas L.Rev. 512 (1934), which discusses the Court's use of injunction rather than prohibition in *Lyle v. Collier*. For the above mentioned reasons we find the District Court of San Patricio County was without jurisdiction to issue the prohibition herein.

■ There is a second reason, though, which requires us to reverse this cause. The writ of prohibition is not available where there are other adequate legal remedies. *Stone v. Kuteman*, 150 S.W.2d 107 (Tex.Civ.App.—Amarillo 1941, no writ). See *Prince v. Miller*, 123 Tex. 118, 69

S.W.2d 52, 55 (Tex.Comm'n App.1934, opinion adopted); *Smith v. Grievance Committee, St. Bar of Tex. For Dist. 14 :A*, 475 S.W.2d 396, 399 (Tex.Civ.App.—Corpus Christi 1972, no writ). Appellee Harris has the legal remedy of presenting his jurisdictional objections during the hearing on the show cause order. *Story v. Story*, 142 Tex. 212, 176 S.W.2d 925 (1944); *Smith v. Ryan*, 20 Tex. 661 (1858). This Court must presume that Judge Haskett will not exceed his jurisdiction; that he will rule properly as to his jurisdiction. *Deramus v. Thornton*, 160 Tex. 494, 333 S.W.2d 824, 827 (1960); *Shepperd v. Parr*, 287 S.W.2d 204, 207 (Tex.Civ.App.—Waco 1956, writ ref'd n. r. e.); *Stone v. Kuteman*, supra at 110. Accordingly, then, the writ of prohibition, called injunction by the parties and the trial court, must be set aside. In the unforseen event Judge Haskett should rule erroneously, appellee has the remedy of habeas corpus for challenging the jurisdiction of the Justice Court, or possibly a writ of mandamus. *Deramus v. Thornton*, supra. Appellant's point of error is sustained.

The judgment of the trial court is reversed and judgment is here rendered that the injunction be dissolved.