Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed July 29, 2004









Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed July 29, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00573-CV

____________

 

IN RE WOODROW MILLER, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On June 14, 2004, Relator, Woodrow Miller, filed a petition
for writ of mandamus in this Court.  See
Tex. Gov=t Code Ann '22.221 (Vernon  2004); see  also  Tex. R. App. P. 52.1.  Relator claims the Harris County District
Clerk, Charles Bacarisse, violated a mandatory duty to forward relator=s notice of appeal to the court of
appeals.  We agree.

The sentence relator wishes to appeal was entered on May 20,
2002.  On June 19, 2002, relator filed a
timely notice of appeal.  On June 27,
2002, relator filed a motion to withdraw the notice of appeal.  On June 27, 2002, the trial judge signed an
order granting the motion to withdraw the notice of appeal.  The appeal was never assigned to a court of
appeals and the notice of appeal was not forwarded.








The State has filed a response to relator=s petition.  The State notes that Rule 42.2 allows an
appellate court to dismiss an appeal pursuant to a written withdrawal from the
appellant.  See Tex. R. App. P. 42.2a(a).  The State further observes that the rules do
not expressly authorize a trial court to terminate an appeal on motion of the
appellant.

The District Clerk, Charles Bacarisse, has also filed a
response, in which he states that he Awill gladly have the notice of appeal
forwarded to this Court, if it desires . . . .@[1] 
However, Bacarisse challenges this court=s jurisdiction to issue
mandamus.  Section 22.221 provides that a
court of appeals may issue a writ of mandamus when Anecessary to enforce the jurisdiction
of the court.@ 
Tex. Gov=t Code Ann. ' 22.221(a) (Vernon 2004).

The filing of a notice of appeal invokes a court of appeals= jurisdiction.  In re Washington, 7 S.W.3d 181,
182 (Tex. App.‑Houston [1st Dist.] 1999, orig. proceeding).  A document is considered filed when delivered
to the clerk for filing.  Id.  Therefore, when a notice of appeal, timely or
untimely, is delivered to the clerk for filing, any further determination
concerning appellate jurisdiction must be made by the appellate court.  Id. 
After jurisdiction of the appellate court is invoked in the manner
prescribed by law, the appellate court may act to enforce or protect its
jurisdiction.  Winfrey v. Chandler,
318 S.W.2d 59, 61 (Tex. 1958). 
Accordingly, we find that we have jurisdiction to issue a writ of
mandamus against a district clerk for failure to forward to the appropriate
court of appeals a notice of appeal delivered to him for filing.








In addition to challenging this court=s jurisdiction, Bacarisse asserts
that mandamus is inappropriate because another court of appeals has given
effect to a trial court=s dismissal of an appeal. 
The case to which Bacarisse refers is Garcia v. State, No. 01-02-01218-CR,
2003 WL 321549 (Tex. App.BHouston [1st Dist.] Feb. 13, 2003, no pet.) (not designated
for publication).[2]  In that case, the appellant had filed a
motion to dismiss his appeal in the trial court; however, the trial judge
apparently did not rule on the motion.  Id.
at *1.  The appeal was assigned to the
First Court of Appeals, the record was forwarded, and the court of appeals
considered the motion to dismiss it discovered in the clerk=s record.  The court of appeals found that, although
motions to dismiss an appeal should be filed in the appellate court, there was
good cause to consider the motion as if it had been filed in the court of
appeals.  Id.  Accordingly, the appellate court granted the
motion and dismissed the appeal.  Id.

We find Garcia easily distinguishable from the facts
in this case.  Although the motion to
dismiss in Garcia was filed in the trial court, the trial judge did not
rule on it, and the appeal was forwarded to the court of appeals.  In the present case, the motion to withdraw
the notice of appeal was filed in the trial court, the trial court granted it,
and the appeal was never forwarded to the court of appeals.  The fact that a motion to withdraw was filed
and granted; however, is not material to our decision.  Our decision is based on the fact that
appellant filed a notice of appeal and that notice of appeal was never
forwarded to the appellate court. 

In conclusion, we find the District Clerk=s failure to forward the notice of
appeal in this case interfered with our jurisdiction.  Therefore, we hold that relator has established
his right to mandamus relief.  We
conditionally grant the writ.  We are
confident the District Clerk will assign the appeal to a court of appeals and
forward the appeal to the assigned court. 
If the District Clerk does not do so, the writ will issue.

 

PER CURIAM

 

 

 

Judgment rendered
and Memorandum Opinion filed July 29, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.











[1]  Based on Bacarisse=s
statement, our clerk=s office called the district clerk and asked that they
forward the notice of appeal.  The
district clerk employee requested authority requiring them to forward the
notice of appeal.  Our authority is set
out in this opinion.





[2]  Because this case is unpublished, it has no
precedential value.  Tex. R. App. P. 47.7.