COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-308-CV

 

 

MICHAEL LOU GARRETT                                                      APPELLANT

 

                                                   V.

 

E.C. WILLIAMS AND F.L. HAYNES                                          APPELLEES

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction

Appellant Michael Lou Garrett
appeals the trial court=s dismissal
of his pro se petition for writ of mandamus. 
Appellant argues that the trial court erred and abused its discretion by
dismissing his petition for writ of mandamus with prejudice in accordance with
Texas Civil Practice and Remedies Code chapter 14.  We affirm as modified.

 








Background Facts

On September 15, 2006,
appellant, an inmate in the Allred Unit of the Texas Department of Criminal
Justice, filed a petition for writ of mandamus 
in the 30th District Court of Wichita County and asked the trial court
to order appellees, Warden E.C. Williams and law library supervisor F.L.
Haynes, to (1) provide him with the identities of the mail room and law library
staff, (2) return eight pages of his drafted lawsuit which he claims were
stolen, and (3) stop obstructing his attempts to file a lawsuit against them by
depriving him of supplies such as paper and legal materials.  On that same day, appellant also filed a
motion to proceed in forma pauperis, an affidavit of poverty, and a declaration
of inability to pay costs.

On July 12, 2007, appellees
filed a motion to dismiss under chapter 14 of the civil practice and remedies
code on the grounds that (1) the trial court lacked subject matter jurisdiction
and (2) appellant was not entitled to mandamus relief because appellees did not
have a nondiscretionary, ministerial duty to provide him with the names and
materials he requested.[1]








On August 15, 2007, the trial
court signed an order granting the motion to dismiss with prejudice because the
petition was Anot in
compliance with the requirements set forth in Texas Civil Practices and
Remedies Code, Chapter 14.@  Appellant timely filed a
notice of appeal.

Chapter 14 of the Civil
Practice and Remedies Code








Inmate litigation (except
suits brought under the family code) in which an inmate files an affidavit or
unsworn declaration of inability to pay costs is governed by special procedural
rules set out in chapter 14 of the civil practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.001-14.014 (Vernon 2002); Bishop v. Lawson, 131 S.W.3d
571, 574 (Tex. App.CFort Worth
2004, pet. denied); Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.CCorpus Christi 2001, pet. denied), cert denied, 537 U.S. 890
(2002).  The legislature enacted this
statute to control the flood of frivolous lawsuits being filed in Texas courts
by prison inmates because these suits consume many valuable judicial resources
with little offsetting benefits.  Bishop,
131 S.W.3d at 574; Knight, 52 S.W.3d 294.  The purpose of chapter 14 is not to punish
inmates for filing claims, but to aid the court in determining whether an
inmate=s claim is frivolous.  Thomas
v. Wichita Gen. Hosp., 952 S.W.2d 936, 941 (Tex. App.CFort Worth 1997, pet. denied). 

Section 14.004 requires an
inmate who files an affidavit or unsworn declaration of inability to pay costs
to file a separate affidavit Arelated to previous filings@ in which the inmate must detail all previous suits filed pro se,
other than a suit under the family code. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.004(a);
Amir-Sharif v. Mason, No. 05-06-01089-CV, 2008 WL 171219, at *2 (Tex.
App.CDallas Jan. 22, 2008, no pet. h.). 
Additionally, section 14.004 requires the inmate to file a certified
copy of the inmate=s trust
account statement that Areflect[s]
the balance of the account at the time the claim is filed and activity in the
account during the six months preceding the date on which the claim is filed.@  Tex. Civ. Prac. & Rem. Code Ann. '' 14.004(c), 14.006(f); Amir-Sharif, 2008 WL 171219, at *2.









Chapter 14 applies Aonly to a suit brought by an inmate in district court, justice of the
peace, or small claims court in which an affidavit or unsworn declaration of
inability to pay costs is filed by the inmate.@  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a); Bishop, 131 S.W.3d at 574.  A trial court may dismiss a suit filed under
chapter 14 if it finds that: A(1) the allegation of poverty in the affidavit or unsworn declaration
is false; (2) the claim is frivolous; or (3) the inmate filed an affidavit or
unsworn declaration required by this chapter that the inmate knew was false.@  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a); Amir-Sharif, 2008 WL 171219, at *2.  A trial court has broad discretion to dismiss
a lawsuit brought under chapter 14 as frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(b); Knight, 52 S.W.3d at 294.  In determining whether a claim is frivolous
or malicious, the trial court may consider whether: A(1) the claim=s realistic
chance of ultimate success is slight; (2) the claim has no arguable basis in
law or fact; (3) it is clear that the party cannot prove facts in support of
the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts.@  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b); Knight, 52 S.W.3d at 294.  

Standard of Review

We review a trial court=s dismissal of an inmate=s claim under chapter 14 under an abuse of discretion standard.  Bishop, 131 S.W.3d at 574.  A court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to guiding rules or principles.  See Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986); Bishop, 131 S.W.3d at
574; Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.CHouston [14th Dist.] 1996, writ denied).  

 








Analysis

Appellant challenges the
trial court=s dismissal
order on the following grounds: (1) that chapter 14 does not apply to original
proceedings filed in district courts; (2) that the trial court had jurisdiction
to order mandamus relief; thus, it could not have dismissed on that basis; (3)
that appellant would prevail on the merits of his petition for writ of
mandamus; thus, the trial court could not have properly determined that the
proceeding is frivolous; and (4) that a dismissal with prejudice was improper.

Applicability of Texas Civil Practice and
Remedies Code Chapter 14 








Appellant first argues that
his petition for writ of mandamus does not fall within the scope of chapter 14
and should not have been dismissed for noncompliance with it.  Chapter 14 applies Aonly to a suit brought by an inmate in a district court,
justice of the peace, or small claims court in which an affidavit or unsworn
declaration of inability to pay costs is filed by the inmate.@  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a) (emphasis added); Bishop, 131 S.W.3d at
574.  Chapter 14 applies to all civil
causes of action other than those brought under the family code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.002(b).  Section
14.001(1) of chapter 14 defines a claim as Aa cause of action governed by this chapter.@  Id. at ' 14.001(1).  Thus, any
claim brought by an inmate in a suit in a district court, justice of the peace,
or small claims court and accompanied by a declaration of inability to pay
costs is governed by chapter 14.  Id. at
' 14.002(a); see Carson v. Serrano, 96 S.W.3d 697, 699
(Tex. App.CTexarkana
2003, pet. denied). 

Appellant contends that an
original proceeding is not a Asuit@ for
purposes of chapter 14.  Black=s Law Dictionary defines a Asuit@ as Aany proceeding by a party or parties against another in a court of
law.@  Black=s Law Dictionary 1475 (8th ed. 2004).  An action
for writ of mandamus initiated in the trial court is a civil action subject to
appeal as any other lawsuit.  Anderson
v. City of Seven Points, 806 S.W.2d 791, 792 n.1 (Tex. 1991).  Thus, an original proceeding is a suit for
purposes of chapter 14.[2]









Appellant, an inmate, brought
this suit in district court, seeking to 
proceed in forma pauperis.  Thus,
chapter 14 applies if the claims in appellant=s suit are for civil causes of action that do not arise under the
family code.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(b).  Here,
appellant filed a petition for writ of mandamus, asking the district court to
order appellees to obtain the names of employees working in the mail room and
law library, return drafts of his lawsuit, and provide supplies and legal
materials that he was entitled to receive to prepare his civil lawsuit.  These claims are civil in nature and do not
arise under the family code.  Thus, we
conclude and hold that appellant=s petition for writ of mandamus is subject to the requirements of
chapter 14.  See Jaxson v. Morgan,
No. 14-04-00785-CV, 2006 WL 914199, at *1 (Tex. App.CHouston [14th Dist.] Apr. 6, 2006, no. pet.) (mem. op.); see also
Carson, 96 S.W.3d at 699.  We
overrule appellant=s first
issue.

Subject Matter Jurisdiction

In his second and third
issues, appellant argues that because appellees had a nondiscretionary,
ministerial duty to provide him with the names and materials he requested, the
trial court had jurisdiction to order mandamus relief and that his petition was
not frivolous.  We will address the trial
court=s jurisdiction first.

A district court has mandamus
jurisdiction only to enforce its own jurisdiction.  Tex.
Const. art. V, ' 8; Tex. Gov=t Code Ann. ' 24.011 (Vernon 2004); Martinez, 931 S.W.2d at 46.  A district court has no constitutional or
statutory jurisdiction to exercise supervisory control over prison officials
absent an attempt by such officials to interfere with the district court=s already pending jurisdiction. 
Martinez, 931 S.W.2d at 46. 









Here, the purpose of
appellant=s petition
for writ of mandamus in the trial court was not to protect the trial court=s jurisdiction, but to instigate litigation against appellees.  See Winfrey v. Chandler, 159 Tex. 220,
318 S.W.2d 59, 61 (Tex. 1958) (holding a district court must have actual
jurisdiction of a matter if it seeks to enforce its jurisdiction by its writ
power); Martinez, 931 S.W.2d at 46. 
Therefore, the trial court did not have subject matter jurisdiction to
order the relief requested in appellant=s petition for writ of mandamus. 
See Tex. Gov=t Code Ann. ' 24.011; Winfrey, 318 S.W.2d at 61; Martinez, 931
S.W.2d at 46.  Thus, the trial court
lacked subject matter jurisdiction to order the relief sought, and the trial
court appropriately dismissed appellant=s petition for writ of mandamus. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.003(b).








Moreover, even if the trial
court had subject matter jurisdiction, appellant=s petition for writ of mandamus was frivolous.  In determining whether a claim is frivolous,
a trial court may consider whether the claim is substantially similar to a
previous claim filed by the inmate because the claim arises out of the Asame operative facts.@  Id.; Williams v. Tex. Dep=t of Criminal Justice-Inst. Div., 176
S.W.3d 590, 593 (Tex. App.CTyler 2005, pet. denied).  To
enable a trial court to determine whether the suit is substantially similar to
a previous one, an inmate is required to file a separate affidavit or unsworn
declaration describing all other suits the inmate has brought and stating the Aoperative facts@ upon which
relief was sought.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b)(4); Williams, 176 S.W.3d at 593.  The affidavit must also disclose whether the
prior suits were dismissed as frivolous or malicious and provide the dates of
the final orders affirming the dismissals. 
Tex. Civ. Prac. & Rem. Code
Ann. ''
14.004(a)(2)(D), 14.004(b); Williams, 176 S.W.3d at 593. 

In this case, the record
contains no affidavits or sworn declarations regarding previous lawsuits filed
by appellant, which are required by civil practice and remedies code section
14.004(a).[3]  Thus, even if the trial court had
jurisdiction to consider appellant=s issues, without this document, the trial court was unable to
determine whether appellant=s current claim was substantially similar to his previous claims and
the trial court was entitled to assume that the suit was substantially similar
to one previously filed by the inmate, and therefore, frivolous.  Williams, 176 S.W.3d at 593.  We overrule appellant=s second issue.[4]  








Dismissal with Prejudice

In his fourth issue,
appellant argues that the trial court=s dismissal should not have been made with prejudice.

A dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been
fully tried and decided.  Ritchey v.
Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); Knight, 52 S.W.3d at 295; Mooneyham,
 2008 WL 281525, at *3.  Thus, orders dismissing cases with prejudice
have full res judicata and collateral estoppel effect, barring subsequent
relitigation of the same causes of action or issues between the same
parties.  See Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 630-31 (Tex. 1992); see also Steger v. Muenster
Drilling Co., Inc., 134 S.W.3d 359, 368 (Tex. App.CFort Worth 2003, pet. denied).








A dismissal with prejudice is
improper if the plaintiff=s failure to
comply with the statute=s procedural
requirements can be remedied.  Mooneyham,
2008 WL 281525, at *3; see also Hickman v. Adams, 35 S.W.3d 120, 124
(Tex. App.CHouston
[14th Dist.] 2000, no pet.).  When
reviewing whether the trial court abused its discretion by dismissing with
prejudice, this court should consider whether the petitioner=s error could be remedied with a more specific pleading; if so, a
dismissal with prejudice is improper.  Mooneyham,
2008 WL 3203126, at *3; see also Knight, 52 S.W.3d at 294.

Here, the trial court=s dismissal with prejudice acts as a bar to any original proceeding
brought by appellant against the same parties arising out of the same
facts.  Appellant cannot remedy the trial
court=s jurisdictional deficiency by repleading, unless the trial court
otherwise obtains jurisdiction over the cause. 
But dismissing a claim  based on
lack of subject matter jurisdiction does not operate as res judicata.  See Igal v. Brightstar Info. Tech. Group,
Inc., No. 04-0931, 2007 WL 4276545, at *2 (Tex. Jan. 17, 2007) (stating res
judicata does not apply when the initial tribunal lacks subject matter
jurisdiction over the claim); see also Harris County v. Sykes, 136
S.W.3d 635, 639 (Tex. 2004) (stating a dismissal with prejudice is improper
when the plaintiff is capable of remedying the jurisdictional defect).  Thus the trial court should have dismissed
without prejudice.  See Harris County,
136 S.W.3d at 639.  We sustain
appellant=s fourth
issue.

 

 

 

 

 








Conclusion

Having sustained appellant=s fourth issue and having overruled his other issues, we modify the
trial court=s order of
dismissal by deleting the words Awith prejudice@ and
substituting in their place the words, Awithout prejudice.@  The trial court=s judgment is affirmed as modified.

        

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:
March 6, 2008











[1]In
their brief, appellees list appellant=s history of instigating
extensive litigation in state and federal courts seeking mandamus relief for
similar claims.  They state that
appellant has filed at least seventeen actions in state court over the past
three years and twenty actions in federal court over the past six years.
However, appellees did not request dismissal of appellant=s
petition on this ground, nor does the record show that they brought any of
those suits to the trial court=s attention.





[2]Generally,
we look to the substance of a cause of action, not the label a petitioner
places on his claim to determine the applicability of chapter 14.  See Carson, 96 S.W.3d at 699
(rejecting inmate=s
claim that chapter 14 did not apply to his lawsuit because it was labeled a Abill
of review@).  Here, the substance of appellant=s
petition is a claim for mandamus relief, so appellant brought his proceeding
under the correct label.  





[3]The
record reflects that appellant filed an inmate trust account statement in
compliance with civil practice and remedies code sections 14.004(c) and
14.006(f).  Tex. Civ. Prac. & Rem. Code Ann. '' 14.004(c),
14.006(f). 





[4]Because
we have determined that the trial court appropriately dismissed appellant=s
petition for writ of mandamus and overruled his second issue, we need not
address appellant=s
third issue challenging the propriety of the dismissal on other grounds.  See Tex.
R. App. P. 47.1; Williams v. Mooneyham, No. 02-06-00348-CV, 2008
WL 281525, at *4 (Tex. App.CFort Worth Jan. 31,2008, no
pet.) (mem. op.).