Arthur X. CARSON, Appellant,

v.

A. SERRANO and the Texas Department of Criminal Justice, Institutional Division, Appellees.

No. 06–02–00060–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 15, 2002.

Decided Jan. 24, 2003.

Rehearing Overruled Feb. 19, 2003.

**698**

Arthur X. Carson, pro se.

Before ROSS, CORNELIUS * and GRANT,** JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

Arthur X. Carson, an inmate, appeals the dismissal of his lawsuit against A. Serrano and the Texas Department of Criminal Justice, Institutional Division, alleging "extrinsic fraud under the auspice of a judgment." The trial court dismissed Carson's suit, alleging want of prosecution. On appeal, Carson raises three issues: (1)

whether the trial court was without jurisdiction to dismiss the case, (2) whether the trial court abused its discretion in failing to conduct a hearing on the motion for reinstatement, and (3) whether Chapter 14 filing fees apply to Carson's suit, which he styled "PETITION FOR BILL OF REVIEW."

In his first issue, Carson contends that the trial court lacked jurisdiction to dismiss his action because he filed a motion for the trial judge to recuse himself. To recuse a judge, a party must follow the procedure prescribed by Texas Rule of Civil Procedure 18a. *Wirtz v. Mass. Mut. Life Ins. Co.*, 898 S.W.2d 414, 422 (Tex.App.-Amarillo 1995, no writ). According to Rule 18a, on the day the motion for recusal is filed, copies must be served on all other parties or their counsel of record, together with a notice that the movant expects the motion to be presented to the judge three days after the filing of such motion unless otherwise ordered by the judge. Tex.R. Civ. P. 18a(b). If a party fails to follow this procedure, he waives the right to complain of a judge's failure to recuse himself. *Wirtz v. Mass. Mut. Life Ins. Co.*, 898 S.W.2d at 423. Although Carson did file a motion for recusal, there is no evidence Carson gave notice of expectancy of presentment to the judge three days after filing, and there is no evidence the judge was presented with the motion three days after filing. Therefore, Carson may not complain about the judge's failure to recuse himself because Carson did not follow the procedure prescribed by Rule 18a.

Secondly, Carson contends the trial court failed to conduct a hearing on his motion for reinstatement. On February 26, 2002, the court set a hearing on the

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

** Ben Z. Grant, Justice, Retired, Sitting by Assignment.

dismissal of Carson's case for March 11, 2002, and did issue a notice to that effect. On March 8, 2002, Carson filed a motion for reinstatement. Carson alleges his due process rights were denied because there was no hearing on his motion for reinstatement. However, at the time of Carson's request for reinstatement, his case had not been dismissed. Moreover, the trial court did hold a hearing on March 11, 2002. Carson could have shown good cause not to dismiss the case at that time.

■■■ Carson's real complaint on this point seems to be that his request for a writ of habeas corpus ad testificandum for the March 11 hearing was not granted, rather than that a hearing was not held. Review of trial court decisions on this issue is by an abuse of discretion standard. *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex.App.-Texarkana 1994, writ denied). A prison inmate's right to access the courts does not include a right to appear personally. *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex.App.-Dallas 1987, no writ). In considering an inmate's right to appear, the trial court must balance the preservation of the correctional system's integrity and the prisoner's right to access. *Id.* at 423–24. Several factors should be considered: (1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the

inmate's probability of success on the merits. *Armstrong v. Randle*, 881 S.W.2d at 57; *Brewer v. Taylor*, 737 S.W.2d at 423. In his request for a writ of habeas corpus ad testificandum, Carson states "Plaintiff's [Carson's] Testimony is material to His case," but he offered no evidence of why he could not testify by deposition or telephone or why his presence in the courtroom was important. Therefore, the trial court did not abuse its discretion in failing to grant Carson's request for a writ of habeas corpus ad testificandum.

■■■ Finally, Carson contends that, because his original petition was a bill of review and not a lawsuit under Chapter 14 of the Texas Civil Practice and Remedies Code, the filing fees and court costs under Section 14.006 are inapplicable. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.006 (Vernon 2002). Unless an action is brought under the Texas Family Code, an action brought by an inmate and accompanied by an affidavit or unsworn declaration of inability to pay costs is governed by Chapter 14. TEX. CIV. PRAC. & REM.CODE ANN. § 14.002 (Vernon 2002). Additionally, the rules set out in Chapter 14 may not be modified or repealed by the regular Rules of Civil Procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 14.014 (Vernon 2002); *Jackson v. Tex. Dep't of Criminal Justice-Institutional*, 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied). There is no exception for an inmate's petition for a bill of review. Carson brought this action while an inmate and filed an affidavit of poverty with his petition. Because his petition was not brought under the Texas Family Code and because the rules of Chapter 14 cannot be modified by the regular Rules of Civil Procedure, Chapter 14 applies to Carson's bill of review.

We affirm the judgment of the trial court.

Concurring Opinion by Justice BEN Z. GRANT.

Concurring by Justice BEN Z. GRANT (Assigned).

I concur, but I would emphasize that the requirement that the party present the motion to the trial court does not mean that the party has to physically present the motion to the judge. In a situation in which the moving party is incarcerated, it is not practical for this party to hand deliver the motion to the judge. This requirement can be satisfied by bringing the motion to the trial court's attention in other ways; directly mailing the motion to the trial judge would satisfy that rule.