Affirmed and Memorandum Opinion filed June 2, 2005









Affirmed and Memorandum Opinion filed June 2, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00260-CV

____________

 

ARTHUR JOHNSON, Appellant

 

V.

 

AMCO INSURANCE AGENCY AND GOBIN-BHATIA, Appellees

 



 

On Appeal from County Court at Law
No. 3

Harris County, Texas

Trial Court Cause No. 782,394

 



 

M E M O R A N D U M   O P I N I O N

In this pro se appeal, appellant appeals a
take nothing judgment.  In four points of
error, appellant complains (1) the trial court abused its discretion in not
complying with his motion for recusal; and (2) the trial court  erred in not setting and holding a hearing on
his motion to reinstate.  We affirm.








Motion for Recusal

Appellant argues in his first and fourth
points of error that the trial court abused its discretion in Anot complying@ with his motion
for recusal.  

To recuse a judge, a party must follow the
procedure prescribed by Texas Rule of Civil Procedure 18a.  Tex.
R. Civ. P. 18a.  According to Rule
18a, on the day a motion for recusal is filed, copies must be served on all
other parties or their counsel of record, together with a notice that the
movant expects the motion to be presented to the judge three days after the
filing of such motion unless otherwise ordered by the judge.  Tex.
R. Civ. P. 18a(b).  Rule 18a
additionally requires that a motion to recuse be verified and state with
particularity the grounds why the judge before whom the case is pending should
not sit.  Tex. R. Civ. P. 18a(a). 
The motion must be made on personal knowledge and set forth such facts
as would be admissible in evidence, provided that facts may be stated upon
information and belief if the grounds of such belief are specifically
stated.  Id.  If a party fails to follow these mandatory
requirements of Rule 18a, he waives the right to complain of a judge=s failure to
recuse himself.  Carson v. Serrano,
96 S.W.3d 697, 698 (Tex. App.CTexarkana 2003,
pet. denied); Gill v. Texas Dept. of Criminal Justice, Insitutional Div.,
3 S.W.3d 576, 579 (Tex. App.CHouston [1st
Dist.] 1999, no pet.).  

Here, appellant filed a general motion for
recusal.  There is no evidence he gave
notice of expectancy of presentment to the judge three days after filing, and
there is no evidence the judge was presented with the motion three days after
filing.  Appellant=s motion to recuse
is not verified, does not state with particularity the grounds why the trial
judge should not sit, and is not made on personal knowledge or information and
belief.  Because appellant did not follow
the procedures prescribed by Rule 18a, appellant waived his right to complain
on appeal and may not complain about the trial judge=s failure to
recuse herself. 

          Accordingly, we overrule points of
error one and four.

 








Hearing on Motion to Reinstate

In points of error two and three,
appellant argues the trial court erred in not setting and  holding an oral hearing on his motion to
reinstate pursuant to Texas Rule of Civil Procedure 165a.  Tex.
R. Civ. P. 165a.  The trial court=s final judgment
signed January 28, 2004 states the following:

On January 12, 2004, this case was
called for trial.  [Appellant] appeared
in person and announced ready for trial. 
[Appellees AMCO Insurance Agency and Gobin-Bhatia appeared and] announced
ready for trial. 

All matters in controversy, legal and factual, were
submitted to the Court for its determination. 
The Court heard evidence and arguments of the parties and announced its
decision for [appellees].

It is therefore ORDERED, ADJUDGED and
DECREED that:

1.       [Appellant] take nothing by his suit
against [Appellees].

2.       All costs of court are taxed against
Plaintiff.

3.       This judgment is final, disposes of all
claims and parties, and is appealable; and

4.       All
relief not expressly granted is denied.

Findings of fact and conclusions of law were not
requested or filed, and there is no reporter=s record.

Appellant=s reliance on Rule
165a on appeal as authority for his contention that the trial court was
required to conduct a hearing on his motion to reinstate is misplaced; Rule
165a governs dismissals for want of prosecution and does not apply here because
this case was disposed of on the merits and was not dismissed for want of
prosecution.  See Tex. R. Civ. P. 165a(1), (3).  Moreover, the record does not show appellant
requested a setting or hearing on his motion in the trial court.  Having presented nothing for review, we
conclude points of error two and three are without merit.

Accordingly, we overrule points of error
two and three.

 








CONCLUSION

We affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed June 2, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.