NO. 07-06-0105-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 18, 2006



______________________________


 

BENJAMIN SANCHEZ RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51736-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant and his
attorney both have signed the document stating that appellant withdraws his appeal. Tex. R.
App. P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

 Mackey K. Hancock

 Justice

Do not publish.



every document that is material to the relator's claim for relief
and that was filed in any underlying proceeding. Tex. R. App. P. 52.3(j)(1)(A), 52.7(a)(1). 
In the present case, Watson provided copies of documents that are material to his claim
for relief. While some of these documents were file-stamped by the trial court's clerk, they
are neither certified nor sworn. As such, Watson has failed to meet his burden of providing
a record sufficient to establish his entitlement to mandamus relief. Walker, 827 S.W.2d
at 837.

 A trial court has a ministerial duty to consider and rule on motions properly filed and
pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig.
proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.-Tyler 1993,
orig. proceeding). To establish entitlement to the issuance of a writ of mandamus
compelling a trial court to consider and rule on a pending motion, the relator bears the
burden to establish that (1) the trial court had a legal duty to perform, (2) relator made a
demand for performance of this duty, and (3) the trial court refused to act. Stoner v.
Massey, 586 S.W.2d 843, 846 (Tex. 1979). However, the trial court is afforded a
reasonable time within which to perform this ministerial duty. Safety-Kleen Corp., 945
S.W.2d at 269. Whether a reasonable period of time has lapsed is dependent on the
circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston
[1st Dist.] 1992, orig. proceeding). Factors relevant to whether a reasonable time has
lapsed include: the trial court's actual knowledge of the motion, its overt refusal to act, the
state of its docket, and other judicial and administrative duties which it must address. In
re Villarreal, 96 S.W.3d 708, 711 (Tex.App.-Amarillo 2003, orig. proceeding). The party
requesting relief must provide a sufficient record to establish his entitlement to mandamus
relief. Walker, 827 S.W.2d at 837.

 Considering the uncertified and unsworn documents provided, Watson fails to
establish his entitlement to mandamus relief in this case. Watson has provided this Court
a file-stamped copy of his application for writ of habeas corpus. Assuming that this
application was properly filed with the trial court, it would impose a legal duty on the trial
court to consider and rule on the application in a reasonable amount of time. See Safety-Kleen Corp., 945 S.W.2d at 269. However, documentation provided by Watson to
establish that he made a demand to the trial court to perform this duty fails to establish that
an appropriate demand was made. Watson provides copies of two letters that he
purportedly sent to Judge Bird in an effort to establish his demand for Judge Bird to
consider and rule on his application. However, these letters demand that Judge Bird rule
on Watson's "Motion . . . to Compel Trial Judge/Trial Court to act, rule on pending
Motion(s)." At best, these documents show that Watson made demand on Judge Bird to
consider and rule on a motion to compel a ruling on some unnamed motion(s). These
letters do not establish that Watson made demand upon the trial court to consider and rule
on his pending application for writ of habeas corpus. From the documents presented by
Watson, we cannot conclude that the trial court was actually aware of the pending
application for writ of habeas corpus. (1)

 Further, Watson's uncertified and unsworn documentation includes no evidence that
the trial court overtly refused to act on his application. Neither has Watson provided any
evidence regarding the state of the trial court's docket or whether the court has other
judicial or administrative duties which must be addressed.

 We conclude that relator has not satisfied his burden to show his entitlement to
mandamus relief. Walker, 827 S.W.2d at 837. Accordingly, Watson's petition for writ of
mandamus is denied.


 Mackey K. Hancock

 Justice





 

1. Watson contends that an inmate's demand for performance is sufficiently
established by proof that such a demand was "directly mailed" to the trial judge. He cites
Justice Grant's concurrence in Carson v. Serrano, 96 S.W.3d 697, 700
(Tex.App.-Texarkana 2003, pet. denied), as support for this contention. However, Carson
addressed the specific presentment requirement for a motion for recusal rather than a
demand for performance of a legal duty. Even if this Court were to determine that the
concurrence cited by Watson were controlling in this case, an issue which we need not
decide, Watson's demand requested only that the trial court consider and rule on an
unnamed motion and fails to establish that the trial court was actually aware of Watson's
application for writ of habeas corpus.