NO. 07-06-0485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 18, 2007
_____

IN RE JOHANSON LEE WATSON, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, Johanson Lee Watson, an indigent inmate, seeks a writ of mandamus to compel the Honorable Dan Mike Bird to consider and rule on his application for writ of habeas corpus and motions related thereto. For the reasons expressed below, we deny relator's request for a writ.

On April 25, 2006, Watson filed an Application for Writ of Habeas Corpus in the trial court contending that the judgment upon which he was convicted was void. Watson followed his application with several motions and other correspondence requesting the trial court to consider and rule on his application.

Initially, we note that the party seeking mandamus relief has the burden to provide a record sufficient to establish his entitlement to such relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). The relator in a mandamus proceeding must file, with his petition,

a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(j)(1)(A), 52.7(a)(1). In the present case, Watson provided copies of documents that are material to his claim for relief. While some of these documents were file-stamped by the trial court's clerk, they are neither certified nor sworn. As such, Watson has failed to meet his burden of providing a record sufficient to establish his entitlement to mandamus relief. Walker, 827 S.W.2d at 837.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig. proceeding). To establish entitlement to the issuance of a writ of mandamus compelling a trial court to consider and rule on a pending motion, the relator bears the burden to establish that (1) the trial court had a legal duty to perform, (2) relator made a demand for performance of this duty, and (3) the trial court refused to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). However, the trial court is afforded a reasonable time within which to perform this ministerial duty. Safety-Kleen Corp., 945 S.W.2d at 269. Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Factors relevant to whether a reasonable time has lapsed include: the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which it must address. In

re Villarreal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). The party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. Walker, 827 S.W.2d at 837.

Considering the uncertified and unsworn documents provided, Watson fails to establish his entitlement to mandamus relief in this case. Watson has provided this Court a file-stamped copy of his application for writ of habeas corpus. Assuming that this application was properly filed with the trial court, it would impose a legal duty on the trial court to consider and rule on the application in a reasonable amount of time. See Safety-Kleen Corp., 945 S.W.2d at 269. However, documentation provided by Watson to establish that he made a demand to the trial court to perform this duty fails to establish that an appropriate demand was made. Watson provides copies of two letters that he purportedly sent to Judge Bird in an effort to establish his demand for Judge Bird to consider and rule on his application. However, these letters demand that Judge Bird rule on Watson's "Motion . . . to Compel Trial Judge/Trial Court to act, rule on pending Motion(s)." At best, these documents show that Watson made demand on Judge Bird to consider and rule on a motion to compel a ruling on some unnamed motion(s). These letters do not establish that Watson made demand upon the trial court to consider and rule on his pending application for writ of habeas corpus. From the documents presented by Watson, we cannot conclude that the trial court was actually aware of the pending application for writ of habeas corpus.[1]

---

[1] Watson contends that an inmate's demand for performance is sufficiently established by proof that such a demand was "directly mailed" to the trial judge. He cites Justice Grant's concurrence in Carson v. Serrano, 96 S.W.3d 697, 700

3

Further, Watson's uncertified and unsworn documentation includes no evidence that the trial court overtly refused to act on his application. Neither has Watson provided any evidence regarding the state of the trial court's docket or whether the court has other judicial or administrative duties which must be addressed.

We conclude that relator has not satisfied his burden to show his entitlement to mandamus relief. <u>Walker</u>, 827 S.W.2d at 837. Accordingly, Watson's petition for writ of mandamus is denied.

Mackey K. Hancock
Justice

---

(Tex.App.–Texarkana 2003, pet. denied), as support for this contention. However, <u>Carson</u> addressed the specific presentment requirement for a motion for recusal rather than a demand for performance of a legal duty. Even if this Court were to determine that the concurrence cited by Watson were controlling in this case, an issue which we need not decide, Watson's demand requested only that the trial court consider and rule on an unnamed motion and fails to establish that the trial court was actually aware of Watson's application for writ of habeas corpus.