Relator’s Motion for Rehearing
Overruled; Petition for Writ of Mandamus Denied; and Supplemental Memorandum on
Rehearing Opinion filed February 25, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00627-CR



 

In Re Lawrence McQueen,
Relator



 



ORIGINAL
PROCEEDING



WRIT
OF MANDAMUS



SUPPLEMENTAL
MEMORANDUM OPINION ON REHEARING

On July 16, 2009, relator, Lawrence McQueen, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the Honorable Debbie Mantooth Stricklin,
presiding judge of the 180th District Court of Harris County, to rule on or
refer his motion and supplemental motion to recuse from his habeas corpus
proceeding.  On August 6, 209, we denied relator’s petition because it did not
comply with the Texas Rules of Appellate Procedure.  See Tex. R. App.
20.1; 52.7(a)(1).  

Relator has filed a motion for rehearing.  Relator,
however, has not met the presentment requirement of his motions to recuse to
the trial court.  See Tex. R. Civ. P. 18a(b) (“On the day the motion is
filed, copies shall be served on all other parties or their counsel of record,
together with a notice that movant expects the motion to be presented to the
judge three days after the filing of such motion unless otherwise ordered by
the judge.”); Carson v. Serrano, 96 S.W.3d 697 S.W.3d 697, 698 (Tex.
App.—Texarkana 2003, pet. denied) (holding pro se inmate could not
complain about trial court’s failure to recuse himself where there was no
evidence that he gave notice of expectancy of presentment to judge three days
after filing, and there was no evidence judge was presented with motion three
days after filing); Wirtz v. Mass. Mut. Life Ins. Co., 898 S.W.2d 414,
423 (Tex. App.—Amarillo 1995, no writ) (holding appellant waived right to
complain that judge failed to recuse himself where neither notice of expectation
of presentment nor its presentment to judge three days after filing was
evinced).  Therefore, relator has not shown that the trial court had a ministerial
duty to consider his motions.[1]
 

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Seymore, Brown, and Sullivan.

Do Not Publish—Tex. R. App. P. 47.2(b). 









[1]
Moreover, the copies of relator’s motions are not file-stamped and, therefore,
he has not shown that they are actually pending in the trial court.