

## NUMBER 13-09-00502-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**CLYDE NUBINE,**                                     **Appellant,**

**v.**

**BRYAN C. GORDY, ET AL.,**                           **Appellees.**

### On appeal from 156th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Rodriguez

Pro se appellant Clyde Nubine, a prison inmate, appeals from an order dismissing his petition for bill of review as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002) (providing for inmate litigation). By one issue, Nubine contends that the trial court erred in dismissing his suit. We affirm.

## I. BACKGROUND[1]

Nubine, an inmate, filed suit in Bee County against state officials, Rick Perry, Jane Nelson, Tom Craddick, and numerous prison officials.[2] On January 12, 2007, the trial court signed two orders.[3] Relevant portions of the orders, as identified and quoted by Nubine, follow: "The above styled suit brought by plaintiff Clyde Nubine against defendants Perry, Craddick, and Nelson are [sic] DISMISSED in their [sic] entirety"; and "It is therefore ordered, adjudged and decreed that said defendants' First Amended Motion to Dismiss under Ch. 14 of the Texas Civil Practice and Remedies Code be, and it is hereby GRANTED." Nubine appealed the orders but later filed a motion to dismiss the appeal.[4] This Court granted his motion and dismissed the appeal. *See Nubine v. Gordy*, No. 13–07-00107-CV, 2007 Tex. App. LEXIS 4324, at *1 (Tex. App.–Corpus Christi May 31, 2007, no pet.) (per curiam) (mem. op.).

Nubine then filed a petition for writ of mandamus. The State responded, attaching the following trial court's affidavit to its response:

---

[1]Appellees filed no brief to assist us in the resolution of this case. Accordingly, we decide this appeal based on the brief filed by Nubine and the record before us. Moreover, we rely on Nubine's unopposed appellate brief for the recitation of facts, even though he fails to support the facts with record citations. *See* TEX. R. APP. P. 38.1(g).

[2]According to Nubine, Bryan C. Gordy was one of the prison officials named in his suit. He also named, but did not serve, George W. Bush, Bill Frist, J. Dennis Hastert, and William Clinton.

[3]The record before us does not contain the pleadings from the underlying cause number B-05-1495-CV-B. Information regarding the underlying case is taken from Nubine's petition for bill of review in the instant case and from prior proceedings filed in this Court.

[4]Nubine sets out that he attempted to perfect an accelerated appeal in this Court. However, after the former clerk of this Court "led petitioner to believe that the court of appeals was without jurisdiction" and that "his interlocutory appeal against Prison Officials was without proper jurisdiction, he moved to voluntarily dismiss" the appeal.

My name is Joel B. Johnson, I am the presiding judge of the 156th District Court in Bee County, Texas. I am competent to testify in this matter and have personal knowledge of the following: Clyde Nubine is the named plaintiff in cause # B-05-1495-CV-B. This case was heard by me. I granted two separate orders on January 12, 2007, which finally disposed of the entire case. One order granted a summary judgment on behalf of Rick Perry, Tom Craddick and Jane Nelson. The other order dismissed the balance of the case pursuant to Chapter 14 of the Texas Practice and Remedies Code. . . .

We denied Nubine's petition. *See In re Nubine*, No. 13–07-00431-CV, 2007 Tex. App. LEXIS 8981, at *1 (Tex. App.–Corpus Christi Aug. 30, 2007) (per curiam) (mem. op.).

On June 26, 2009, Nubine filed a petition for bill of review to set aside the judgment in trial court cause number B-05-1495-CV-B or, in the alternative, to enter a final judgment as to the prison officials. *See* TEX. R. CIV. P. 329b(f) (setting out that "[o]n expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law" provided that the court may correct clerical errors in the judgment and declare a prior judgment void for lack of plenary jurisdiction). Seeking to proceed in forma pauperis, Nubine filed an affidavit of inability to pay costs for the filing of the bill of review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002). However, no affidavit or declaration describing any prior suit brought by Nubine, pro se, appears in the appellate record. *See id*. § 14.004.

In his petition for bill of review, Nubine complained that the trial court erred when it dismissed all "captioned respondents" because the judgment was only final as to the Texas governor and lawmakers, not as to the prison officials, and that it did not mention the unserved parties. Nubine argued that two separate orders did not satisfy the one final judgment rule set out in Texas Rule of Civil Procedure 301. *See* TEX. R. CIV. P. 301 ("Only

3

one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law."). Additionally, Nubine asserted that the judgment was not final because it contained no Mother Hubbard clause and because it did not address his request "for a temporary restraining order to establish the positives of a status quo, in lieu of a temporary injunction to maintain that status quo, for the publics [sic] interests. . . ." In the petition, Nubine addressed due process issues, specifically his right to liberty, the supremacy clause, and equal protection under the law. Nubine also identified issues he would assert on appeal.

The trial court dismissed Nubine's bill of review suit as frivolous pursuant to chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014. The trial court's order provided, in relevant part, the following:

> On June 26, 2009, Petitioner, Clyde Nubin[e], Texas Department of Criminal Justice–Institutional Division inmate, . . . filed a Petition for Bill of Review to Set Aside Judgment or in the Alternative, Enter Final Judgment as to Prison Officials Pursuant to Vernon's Texas Rules Annotated Civil Procedure, 329 (b)([f]).

> Petition[er] filed his pleading as an indigent.

> The Court has reviewed the pleading and finds it to be frivolous. All claims made in the pleadings have previously been addressed in a multitude of matters heard by this Court and the 13th Court of Appeal[s].

> The Court finds from review of the previous matters heard by it and by review of the new pleadings that the claim has no realistic chance of ultimate success, the claim has no arguable basis in law and fact, and it is clear that the Petitioner cannot prove facts to support his claim.

> The cause is dismissed as frivolous (Texas Practices [and] Remedies Code 14.003 (a)(2).

Nubine appeals from this order.

4

## II. APPLICABLE LAW AND STANDARD OF REVIEW

Unless brought under the Texas Family Code, "any claim brought by an inmate in a suit in a district court, justice of the peace, or small claims court and accompanied by a declaration of inability to pay costs is governed by chapter 14." *Garrett v. Williams*, 250 S.W.3d 154, 158 (Tex. App.–Fort Worth 2008, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a); *Carson v. Serrano*, 96 S.W.3d 697, 699 (Tex. App.–Texarkana 2003, pet. denied) (rejecting an inmate's argument that chapter 14 did not apply to his action because he filed a bill of review and observing that appellant, who was an inmate, filed an affidavit of poverty with his petition)). "There is no exception [found in chapter 14] for an inmate's petition for a bill of review," *Carson*, 96 S.W.3d at 699, which is a "separate proceeding from the underlying suit." *Ross v. Nat'l Ctr. for the Empl. of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam). Moreover, "the rules set out in [c]hapter 14 may not be modified or repealed by the regular [r]ules of [c]ivil [p]rocedure. *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.014; *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied)).

Under chapter 14 of the Texas Civil Practice and Remedies Code, a trial court may, inter alia, dismiss an inmate's lawsuit if it finds "the claim is frivolous or malicious." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In assessing whether a suit is frivolous or malicious, the trial court may consider various factors including whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim

is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts. *Id*. § 14.003(b).

To allow the court to determine whether "the claim is substantially similar to a previous claim," an inmate who files suit, other than a suit under the family code, and files an affidavit or sworn declaration of indigency must also file a separate affidavit or declaration describing each suit previously brought by the person and in which the person was not represented by an attorney. *See id*. § 14.004; *Bell v. Tex. Dep't of Criminal Justice–Institutional Div*., 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, no writ). When an inmate does not comply with the affidavit requirement of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and is therefore frivolous. *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.–Houston [14th Dist.] 2001, no pet.); *Bell*, 962 S.W.2d at 158.

We review the trial court's dismissal of an inmate's claims under chapter 14 for an abuse of discretion. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.–Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or its actions are arbitrary or unreasonable based on the circumstances of the particular case. *Id*. The appellant bears the burden of overcoming the presumption that the trial court's action was justified. *Id*.

### III. Discussion

In his sole issue, Nubine complains that the trial court erred when it dismissed his bill of review that challenged the dismissal of an earlier lawsuit. Nubine brought this action while an inmate and filed an affidavit of poverty with his petition. Because his petition for

6

bill of review was not brought under the Texas Family Code and because the rules of chapter 14 cannot be modified by the regular rules of civil procedure, chapter 14 therefore applies to Nubine's bill of review. *See Carson*, 96 S.W.3d at 699.

The record before this Court indicates that Nubine participated in the trial court and attempted to raise, by appeal and by petition for writ of mandamus, the same issues he has raised in this bill of review. The record also reveals that the trial court dismissed both the underlying suit and the petition for bill of review as frivolous under chapter 14.

The trial court set out in its order dismissing Nubine's bill of review that "[a]ll claims made in the pleadings have previously been addressed in a multitude of matters heard by this Court and the 13th Court of Appeal[s]." Because Nubine failed to file a sworn statement detailing his previous litigation, the trial court—even without taking judicial notice of its own docket—was entitled to determine that the suit was, in fact, substantially similar to that previous litigation. Thus, because Nubine did not meet the affidavit requirement of section 14.004, the trial court was entitled to dismiss his claims on this basis. *Obadele*, 60 S.W.3d at 348. Moreover, from reviewing previous matters it had heard and from reviewing Nubine's new pleadings, the trial court also found "that the claim has no realistic chance of ultimate success, the claim has no arguable basis in law and fact, and it [was] clear that [Nubine could not] prove facts to support his claim."

On all grounds set out above, the trial court determined that the claim made the basis of the petition for bill of review was frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). After reviewing the record, we cannot say that Nubine met his burden of overcoming the presumption that the trial court's action was justified. *See Retzlaff*, 94 S.W.3d at 654. Therefore, we conclude that the trial court did not abuse its discretion in

7

dismissing as frivolous Nubine's petition for bill of review under chapter 14. *See id*. We overrule Nubine's sole issue.

## IV. CONCLUSION

We affirm the trial court's order dismissing this petition for bill of review suit as frivolous.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
27th day of May, 2010.