Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00579-CR

Kristy Dawn **ANDERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 4513
Honorable N. Keith Williams, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:   April 6, 2011

AFFIRMED

This appeal arises out of a criminal conviction for the offense of forgery.  After pleading guilty to the offense, appellant Kristy Anders was placed on deferred adjudication community supervision for five years.  The State subsequently moved for the trial court to adjudicate Anders guilty of the underlying offense after she allegedly violated the terms of her community supervision.

At the beginning of the hearing on the State's motion, defense counsel orally moved Judge N. Keith Williams to recuse himself. Defense counsel requested Judge Williams to recuse himself because he believed Judge Williams had engaged in improper *ex parte* communications with a potential witness. Judge Williams, however, refused to recuse and proceeded with the hearing on the State's motion. Anders ultimately pleaded true to violating the terms of her community supervision, and the trial court adjudicated Anders guilty of the underlying offense and sentenced her to six months imprisonment. We affirm.

"The procedures for recusal of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal cases." *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). Rule 18a provides:

> At least ten days before the date set for trial or other hearing in any court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. The grounds may include any disability of the judge to sit in the case. The motion shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit. The motion shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated.

TEX. R. CIV. P. 18a(a). "If a party does not comply with the mandatory requirements of Rule 18a, [s]he waives h[er] right to complain of a judge's refusal to recuse himself." *Gill v. Tex. Dep't of Criminal Justice, Institutional Div.*, 3 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see Carson v. Serrano*, 96 S.W.3d 697, 698 (Tex. App.—Texarkana 2003, pet. denied); *Bruno v. State*, 916 S.W.2d 4, 7-8 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

Defense counsel did not file a written motion for recusal in the case at bar; instead, defense counsel orally moved Judge Williams to recuse himself. An oral motion, however, does not satisfy the requirements of Rule 18a. *Goodson v. State*, No. 06-05-00107-CR, 2006 WL

1888722, at *3 (Tex. App.—Texarkana 2006, no pet.) (mem. op., not designated for publication); *Barron v. State Attorney Gen.*, 108 S.W.3d 379, 383 (Tex. App.—Tyler 2003, no pet.). Because defense counsel's oral motion did not satisfy the mandatory requirements of Rule 18a, we must conclude that Anders waived her right to complain about Judge William's refusal to recuse himself. Anders's sole issue on appeal is therefore overruled.

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH