

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00097-CV

_____

SANDRIA L. SHELDON, Appellant

V.

UNKNOWN NURSE/STAFF OF TRINITY MOTHER FRANCES
HOSPITAL, TYLER, TEXAS, Appellee

On Appeal from the 241st Judicial District Court
Smith County, Texas
Trial Court No. 2008-0440-B/A/C

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Sandria L. Sheldon failed in three successive motions to have the trial judge recused from presiding over her health care liability claim, that judge dismissed her claim. On appeal, Sheldon challenges the three recusal denials and the dismissal. We affirm the judgment of the trial court because (1) denying Sheldon's initial motion to recuse was not an abuse of discretion, (2) Sheldon waived the right to complain concerning the subsequent recusal motions, and (3) Sheldon's failure to timely file an expert report mandates dismissal.

In February 2006, after an arrest for driving while intoxicated (DWI), Sheldon had been escorted to Trinity Mother Frances Hospital (Trinity), so a blood sample could be drawn. Sheldon alleges that, once there, she informed hospital medical personnel that she had just been injured in a fight and that the officer who escorted her to the hospital had sexually assaulted her on the way to the hospital. She also alleges that the nurse on duty asked the escorting officer if a rape kit was needed and that he stuttered, "No." Sheldon says that she was not treated for her injuries. As a result, she filed, pro se, a medical negligence claim against Trinity in February 2008.[1]

In July 2008, Sheldon filed her first motion to recuse the trial judge. That motion was denied. The trial court did not rule on Sheldon's two subsequent recusal motions and ultimately dismissed Sheldon's lawsuit with prejudice because she failed to file an expert report.

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

*(1)      Denying Sheldon's Initial Motion to Recuse Was Not an Abuse of Discretion*

In her initial recusal motion, Sheldon alleged that, because the trial judge was a litigant in Sheldon's brother's lawsuit, he had a conflict of interest.[2]   The trial court declined to recuse and referred the matter to the Regional Presiding Judge of the First Administrative Judicial Region. The regional judge denied the recusal motion, having determined that it failed to meet the requirements of Rule 18a of the Texas Rules of Civil Procedure and was facially insufficient to warrant a hearing.

The denial of a motion to recuse is reviewed for an abuse of discretion.   TEX. R. APP. P. 18a(f); *Barron v. State Att'y Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.).   We, therefore, must determine whether the trial court acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles.   *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We conclude that there was no abuse of discretion in overruling the motion.

A recusal motion must be verified,[3] TEX. R. CIV. P. 18a(a), or made over the unsworn declaration of an inmate.   TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (Vernon 2011).

---

[2]Before the filing of the recusal motions at issue here, Sheldon's case was transferred from the 114th Judicial District Court of Smith County to the 7th Judicial District Court of Smith County in March 2008, pursuant to a standing order of the presiding judge of the first administrative region.   In June 2008, the case was transferred from the 7th Judicial District Court of Smith County to the 241st Judicial District Court of Smith County on Sheldon's motion.

[3]Because an unsworn motion to recuse is defective on its face, it is not an abuse of discretion to summarily deny such a motion.   *See Pena v. Pena*, 986 S.W.2d 696, 701 (Tex. App.—Corpus Christi 1998, pet. denied); *Wirtz v. Mass. Mut. Life Ins. Co.*, 898 S.W.2d 414, 422–23 (Tex. App.—Amarillo 1995, no writ).

Because Sheldon was (and is now) an inmate of the Texas corrections system, she was entitled to use an unsworn declaration in lieu of a verification. But there are still standards her unsworn declaration must have met.

An unsworn declaration must be written and state that it is "subscribed by the person making the declaration as true under penalty of perjury." TEX. CIV. PRAC. & REM. CODE ANN. § 132.002 (Vernon 2011). Section 132.003 sets out the form of the declaration, but requires only substantial compliance with the prescribed form, that is, "I . . . declare under penalty of perjury that the foregoing is true and correct." TEX. CIV. PRAC. & REM. CODE ANN. § 132.003 (Vernon 2011). The only phrase the Legislature actually requires to be included in such a declaration is "under penalty of perjury." *Bahm v. State*, 219 S.W.3d 391, 394 (Tex. Crim. App. 2007). Because Sheldon's initial motion to recuse contains neither a verification nor the phrase "under penalty of perjury," the motion was defective. There was no abuse of discretion in denying the motion.

*(2)     Sheldon Waived the Right to Complain Concerning the Subsequent Recusal Motions*

Sheldon generally complains that, "on several occasions since the lawsuit was filed in 2008 the appellant has submitted motions for Judge Skeen to recuse himself and he did not." After the initial recusal motion was denied, Sheldon filed two additional recusal motions, neither of which was ruled on by the trial court.[4]

---

[4]Sheldon filed a second motion to recuse the trial judge in March 2010, complaining that the trial judge had been the Smith County District Attorney and had, four times, prosecuted Sheldon for DWI. This second motion was appropriately verified. In July 2010, Sheldon filed her third motion to recuse the trial judge; this asserted the reasons set forth in the previous motion. The third motion was unverified.

4

To recuse a judge, a party must follow the procedure prescribed by Rule 18a of the Texas Rules of Civil Procedure. *Carson v. Serrano*, 96 S.W.3d 697, 698 (Tex. App.—Texarkana 2003, pet. denied); *Wirtz*, 898 S.W.2d at 422. According to Rule 18a, when the motion for recusal is filed, copies must be served on all other parties or their counsel of record, together with a notice that the movant expects the motion to be presented to the judge three days after the filing of such motion unless otherwise ordered by the judge. TEX. R. CIV. P. 18a(b). If a party fails to follow this procedure, there is a waiver of the right to complain of a judge's failure to recuse. *Carson*, 96 S.W.3d at 698. The record contains no evidence that Sheldon gave notice of expectancy of presentment to the judge three days after filing or that the judge was presented with the motion. Because Sheldon did not follow the procedure prescribed by Rule 18a, she has waived the right to complain about the judge's failure to recuse pursuant to her second and third recusal motions.[5] *See id.*

*(3)     Sheldon's Failure to Timely File an Expert Report Mandates Dismissal*

Sheldon also complains that the trial court dismissed her lawsuit with prejudice for failure to file an expert report. We are to review such a dismissal for an abuse of discretion. *Kingwood Specialty Hosp., Ltd. v. Barley*, 328 S.W.3d 611, 613 (Tex. App.—Houston [14th Dist.] 2010, no pet.). When deciding if a trial court abused its discretion, we review de novo all issues of law based on statutory interpretation. *CHCA W. Houston, L.P. v. Priester*, 324 S.W.3d 835, 838 (Tex.

---

[5]Pro se litigants are not exempt from the Texas Rules of Civil Procedure. *Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006).

App.—Houston [14th Dist.] 2010, no pet.).

Health care liability claims are governed by the provisions of Chapter 74 of the Texas Civil

Practice and Remedies Code.   A health care liability claim is

> a cause of action against a health care provider or physician for treatment, *lack of treatment*, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (Vernon 2011) (emphasis added).

Sheldon's allegation of lack of treatment by "unknown nurse/staff" of Trinity is a health

care liability claim against a health care provider.[6]

A health care liability claimant must provide the defendant with an expert report within

120 days after filing the petition.   TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon

2011).

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

*Id.*

In the present case, Sheldon's health care liability claim is governed by the expert report

requirements of Section 74.351 of the Texas Civil Practice and Remedies Code.   Absent an

---

[6]A "health care provider" includes "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care," including registered nurses and employees of a health care provider acting in the course and scope of their employment.   TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(12)(A), (B)(ii) (Vernon 2011).

agreement among the parties for an extension of time to serve a report, when a claimant fails to

meet the deadline, the trial court must dismiss the case with prejudice:

> (b)  If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c),[7] enter an order that:
>
> > (1)  awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
> >
> > (2)  dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon 2011).

Sheldon candidly admits[8] in her brief to this Court that she did not serve an expert report,

alleging that such report was unnecessary because "the evidence of negligence speaks for itself."

Sheldon's allegation of res ipsa loquitur was not presented to the trial court, and is therefore

waived. *See* TEX. R. APP. P. 33.1(a)(1). Even if Sheldon had presented this argument to the trial

court, she would nevertheless be required to file an expert report.[9] An allegation of res ipsa

loquitur does not relieve a party of the responsibility to file an expert report under Chapter 74 of

---

[7]Subsection (c) provides for one thirty-day extension in order to cure a deficiency in a timely filed report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (Vernon 2011); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 853 (Tex. App.—Texarkana 2006, no pet.).

[8]The record contains nothing contradicting Sheldon's admission.

[9]Sheldon's original petition was filed February 18, 2008, making the expert report due no later than 120 days thereafter.

the Texas Civil Practice and Remedies Code. *Bogar v. Esparza*, 257 S.W.3d 354, 369 (Tex. App.—Austin 2008, no pet.).

Because Sheldon did not timely file an expert report, the trial court had no discretion to refuse to dismiss her action.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:    May 17, 2011
Date Decided:    May 18, 2011