**Opinion filed July 12, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00190-CV
_____

## WAYNE ERNEST BARKER, Appellant

## V.

## THOMAS HUTT ET AL., Appellees

**On Appeal from the 12th District Court**
**Walker County, Texas**
**Trial Court Cause No. 24,850**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order declaring Wayne Ernest Barker a vexatious litigant and dismissing his lawsuit after he failed to furnish court-ordered security. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–.055 (West 2002 & Supp. 2011). In four "assignments" of error, appellant claims that (1) the trial judge erred in failing to recuse himself; therefore, all subsequent orders by the court were void; (2) the trial court erred in assessing costs against him because no defendant had filed within the ten-day period a contest to appellant's affidavit of indigence; (3) the trial court erred in failing to enter a separate order dismissing appellant's lawsuit when appellant failed to furnish the security of $2,000 required in the court's order dated May 10, 2010; and (4) the trial court erred in not addressing appellant's motion to have all funds returned that were paid from his inmate trust account and to rescind further payments. We

review a trial court's declaration of a vexatious litigant under an abuse of discretion standard. *In re Douglas*, 333 S.W.3d 273, 283 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). We affirm.

## *Background*

Appellant, acting pro se, filed suit against correctional officers of the Estelle High Security Unit of the Texas Department of Criminal Justice: Thomas Hutt, as High Security Major; R. Jenkins, as Security Captain; and T. Hunt, as Assistant Warden-High Security. He also named Lave Lacy, a State Classification Committee Member, as a defendant; however, the record reflects that Lacy was never properly served.[1] Appellant alleged that his constitutional rights had been violated because he had been wrongfully placed in administrative segregation in the high security unit. Appellant sought damages in the amounts of $135 for each day he was assigned to administrative segregation, $100,000 for mental pain and suffering, future damages of $150,000 from each appellee, $75,000 for the lost pleasure of living, and $500,000 in punitive or exemplary damages.

Appellees timely filed a motion to declare appellant a vexatious litigant. Under Chapter 11 of the Texas Civil Practice and Remedies Code, a defendant may file a motion with the court for an order declaring that the plaintiff is a vexatious litigant and requiring the plaintiff to furnish security, provided that the defendant makes the motion on or before the ninetieth day after the defendant files the original answer or makes a special appearance. Section 11.051. After a hearing on May 10, 2010, pursuant to Section 11.053, the trial court granted appellees' motion. Appellant failed to furnish the security ordered by the trial court to be furnished on or before June 1, 2010. Under the court's order, appellant's lawsuit was dismissed.

## *Motion for Recusal of Trial Judge*

We will first address appellant's motion to have the trial judge recused and his argument that all subsequent orders entered by the trial judge are void. TEX. R. CIV. P. 18a(a) requires that a recusal motion be verified. Appellant failed to comply with the requirement of Rule 18a(a); therefore, he waived his right to complain of the trial judge's failure to recuse himself. In addition, appellant's grounds for seeking recusal were based on the judge's rulings in the case, especially the court's order assessing $659 in court costs and fees against him and ordering that costs and fees be paid from appellant's inmate trust account. One of the requirements for a

---

[1]However, a Dinah Lovelady was subsequently served by certified mail, and she filed an answer and jury demand. Lovelady was represented by the same assistant attorney general who represented the other defendants/appellees.

recusal motion is that it "must not be based solely on the judge's rulings in the case." Rule 18a(a)(3). Also, a recusal motion must state with detail and particularity facts that, "if proven, would be sufficient to justify recusal or disqualification." Rule 18a(a)(4)(C). Appellant's motion did not meet that requirement.

To recuse a judge, a party must follow the procedure prescribed by Rule 18a. *Carson v. Serrano*, 96 S.W.3d 697, 698 (Tex. App.—Texarkana 2003, pet. denied). If a party fails to follow the requirements of Rule 18a, he waives the right to complain of a judge's failure to recuse himself. *Id.*; *Wirtz v. Mass. Mut. Life Ins. Co.*, 898 S.W.2d 414, 423 (Tex. App.—Amarillo 1995, no writ). Appellant's first assignment of error is overruled.

*Assessment of Costs Against Appellant*

In appellant's second assignment of error, he asserts that the trial court erred in assessing the costs of his lawsuit against him. His argument is based on the fact that he filed an affidavit of indigence that was not contested.

Chapter 14, entitled "Inmate Litigation," applies to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 & Supp. 2011); *see* Section 14.002. Appellant is an inmate who filed an affidavit of inability to pay costs; therefore, Chapter 14 applies to this lawsuit.

Section 14.006 provided authority for the trial court in this case to assess against appellant the court costs and fees related to his lawsuit:

> (a) A court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with this section and Section 14.007. The clerk of the court shall mail a copy of the court's order and a certified bill of costs to the department or jail, as appropriate.
>
> (b) On the court's order, the inmate shall pay an amount equal to the lesser of:
>
> > (1) 20 percent of the preceding six months' deposits to the inmate's trust account; or
> >
> > (2) The total amount of court fees and costs.

(c) In each month following the month in which payment is made under Subsection (b), the inmate shall pay an amount equal to the lesser of:

(1) 10 percent of that month's deposits to the trust account; or

(2) The total amount of court fees and costs that remain unpaid.

The trial court followed the requirements of Section 14.006 each time it assessed costs and fees against appellant.

Even though appellant filed an affidavit of indigence, the trial court was within its discretion in assessing costs and fees against appellant. *See Hatcher v. TDCJ-Institutional Div.*, 232 S.W.3d 921 (Tex. App.—Texarkana 2007, pet. denied); *Carson*, 96 S.W.3d 697; *Obadele v. Johnson*, 60 S.W.3d 345 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Thomas v. Knight*, 52 S.W.3d 292, 296 (Tex. App.—Corpus Christi 2001, pet. denied). An inmate who has funds in his trust account is not indigent. *See Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980); *McClain v. Terry*, 320 S.W.3d 394 (Tex. App.—El Paso 2010, no pet.). Appellant directs us to no authority suggesting that the trial court's assessment of costs was improper. *See Obadele*, 60 S.W.3d at 351.

In his brief, appellant points out that this court allowed him to proceed in this appeal without advance payment of costs because no contest to his declaration of indigence was timely filed. The letter from this court, dated November 3, 2010, dealt only with this appeal, not prior assessments of costs and fees by the trial court. Appellant's second assignment of error is overruled.

*The Trial Court's Order Properly Dismissed Appellant's Lawsuit*

In appellant's third assignment of error, he argues that the trial court erred in failing to enter a separate order dismissing appellant's lawsuit when appellant failed to furnish the security of $2,000 required in the court's order dated May 10, 2010.

After declaring appellant a vexatious litigant, the May 10 order reads in pertinent part as follows:

Plaintiff is ordered to furnish security in the amount of $2000.00. This amount must be furnished to the Court on or before the date of 1 June, 2010. Should Plaintiff fail to furnish such security within the time set by this Order, the above referenced and numbered cause is dismissed. Should the case be dismissed

4

> upon its merits, Plaintiff shall pay Defendant's reasonable expenses incurred in or in connection with this litigation, including costs and attorney's fees.

The court's order was self-executing. When appellant failed to furnish security in the amount of $2,000, his lawsuit was dismissed under the May 10 order. It was not dismissed on the merits. One of the requirements for a finding that a plaintiff is a vexatious litigant is a showing by a defendant that there is not a reasonable probability that the plaintiff will prevail in the litigation. Section 11.054. By requiring appellant to furnish security, the court implicitly found that there was not a reasonable probability that appellant would prevail in his lawsuit. However, appellant had the opportunity to continue his lawsuit by furnishing the required security.

Appellant's basic complaint in his lawsuit is that he was misclassified and placed in administrative segregation. The Fifth Circuit has held that prison systems have broad discretion in the internal classification of inmates, and courts should not interfere with classification decisions except in extreme circumstances. *Young v. Wainwright*, 449 F.2d 338 (5th Cir. 1971). Inmates have neither a protectable property nor liberty interest in custodial classification. *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996); *Moody v. Baker*, 857 F.2d 256 (5th Cir. 1988). Absent evidence of abuse, the classification of prisoners is a matter left to the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). From appellant's pleadings and the record, we find that the trial court was correct in determining that there was not a reasonable probability that appellant would prevail in his litigation.

In addition to showing that there was not a reasonable probability that appellant would prevail in his lawsuit, appellees also had to show that appellant, in the seven-year period immediately preceding the date of appellees' motion under Section 11.051, had commenced, prosecuted, or maintained in propria persona at least five litigations (other than in a small claims court) that have been (a) finally determined adversely to appellant, (b) permitted to remain pending at least two years without having been brought to trial or hearing, or (c) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. Section 11.054. Appellant's "Unsworn Declaration of Prior Suits" under Section 14.004 listed eight separate suits he had filed other than the present litigation.

Appellees submitted ample evidence to meet the second requirement of Section 11.054: (1) five cases filed by appellant that had been dismissed by the trial court, four of which had been affirmed by the United States Court of Appeals for the Fifth Circuit and one in which it appeared that no appeal was taken, and (2) three separate applications for writs of mandamus

filed by appellant with the Twelfth District Court of Appeals in Tyler that were denied. Appellees also provided citations for additional lawsuits filed by appellant: three cases pending in the 2nd District Court of Cherokee County, one case pending in the 295th District Court of Harris County, and one case pending in a district court in Travis County.

Appellees sustained their burden under Section 11.054. The trial court followed the requirements of Chapter 11 of the Texas Civil Practice and Remedies Code in finding that appellant is a vexatious litigant and in dismissing appellant's lawsuit. Appellant's third assignment of error is overruled.

### *Trial Court's Refusal To Address Appellant's Motion For Refund*

In appellant's fourth assignment of error, he argues that the trial court erred in not addressing his motion to have all funds returned that were paid from his inmate trust account and to rescind further payments.

This appears to be an alternative argument seeking the refund of the court costs and fees that we addressed in the discussion of appellant's second assignment of error. Appellant argues that Section 14.007(b)(2) provided the sole grounds for the trial court to assess costs against him and that, therefore, because the court did not dismiss his case as frivolous or malicious under Section 13.001 or Section 14.003, the trial court was without authority to leave in effect the assessments of court costs and fees against appellant. We disagree with appellant's interpretation of the statutes.

Section 14.006(a) provides that "[a] court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with this section and Section 14.007." As we held above, the trial court was justified in assessing the costs against appellant under Section 14.006. Appellant's fourth assignment of error is overruled.

### *This Court's Ruling*

The order of the trial court finding appellant to be a vexatious litigant is affirmed. Court costs and fees were properly assessed by the trial court against appellant.


                                                            TERRY McCALL

July 12, 2012                                               JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

6